**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Corey L. Kuffel

    v.                                                  Civil No. 12-cv-308-JL

Richard M. Gerry


**REPORT AND RECOMMENDATION**


Before the court is Corey L. Kuffel's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2006 conviction and sentence.  The matter is before the court for preliminary review to determine whether the petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring court to dismiss habeas petition where petition facially demonstrates that there is no entitlement to relief).


**Discussion**

I.   Background and Procedural History

Kuffel was tried in the New Hampshire Superior Court on four counts of aggravated felonious sexual assault in March 2006.  He was convicted on March 8, 2006, and sentenced on July 7, 2006, to 15-30 years in prison.  Kuffel appealed his

conviction to the New Hampshire Supreme Court ("NHSC"), which
affirmed the conviction on May 1, 2007.  Kuffel took no further
action in the case until April 21, 2011, when he filed a state
habeas petition in Superior Court.  When he was denied relief in
the Superior Court, Kuffel filed a notice of appeal in the NHSC.
That court declined the appeal on September 20, 2011.

In the instant petition before this court, Kuffel asserts
that he was denied the effective assistance of counsel at trial
and on appeal.  Kuffel alleges that his attorney failed to
properly object to, or appeal, statements the prosecutor made
during closing argument that improperly shifted the burden of
proof to Kuffel at trial, and improperly vouched for the
victim's credibility.

II.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") sets a one-year limitations period for state prisoners
to file federal habeas petitions.  See 28 U.S.C. § 2244(d)(1);
see Gonzalez v. Thaler, 132 S. Ct. 641, 652-53 (2012); Wood v.
Spencer, 487 F.3d 1, 4 (1st Cir. 2007).  AEDPA's one-year time
limit begins to run when the state court judgment of conviction
becomes final by the conclusion of direct review or by the
expiration of the time for seeking direct review.  28 U.S.C.
§ 2244(d)(1)(A); see Gonzalez, 132 S. Ct. at 653.

Certain statutory exceptions to the statute of limitations
exist where an untimely filing was the result of a state-caused
impediment, new constitutional rights created by the Supreme
Court, or newly discovered facts underpinning the claim.  See 28
U.S.C. § 2244(d)(1)(B)-(D); Gonzalez, 132 S. Ct. at 652 n.9;
Wood, 487 F.3d at 4.  Further, AEDPA excludes from the one-year
limitations period the "time during which a properly filed
application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending."  28
U.S.C. § 2244(d)(2).  While the running of the limitations
period is stopped during the pendency of properly filed post-
conviction state court litigation, it is not reset or restarted
by post-conviction litigation initiated after the AEDPA
limitations period has expired.  See Cordle v. Guarino, 428 F.3d
46, 48 n.4 (1st Cir. 2005) (post-conviction state court
litigation filed after AEDPA's limitations expire does not stop
or reset clock).

In the petition before this court, Kuffel concedes that he
made no state court challenge to his conviction after the May 1,
2007, NHSC affirmance of his conviction until he filed a habeas
petition in the state Superior Court on April 21, 2011, almost
four years later.  The one-year period during which Kuffel could
have timely filed a federal habeas petition expired, at the

latest, on or about July 30, 2008, one year from the expiration of the 90-day period following the affirmance of his conviction, during which Kuffel could have sought a writ of certiorari in the United States Supreme Court.  The 2011 state habeas proceedings did not restart the expired limitations period.

The record presently before the court includes no facts indicating that any statutory exception to the limitations period is present in this case.  See § 2244(d)(1)(B)-(D). Kuffel states that he was unaware of his ability to challenge the issues raised in this petition until he consulted new counsel in March 2011.  That assertion is insufficient to provide grounds for tolling the limitations period in this court.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (petitioner seeking equitable tolling of the statute of limitations must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks and citation omitted)).  Simple ignorance of a legal issue is insufficient to constitute an "extraordinary circumstance" preventing Kuffel from seeking post-conviction relief.  See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002) ("Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing.").  Accordingly,

the petition (doc. no. 1) should be dismissed as untimely.  <u>See</u>
§ 2254 Rule 4.

## Conclusion

For the foregoing reasons, the court recommends that the
petition (doc. no. 1) be dismissed.  Any objections to this
report and recommendation must be filed within fourteen days of
receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure
to file objections within the specified time waives the right to
appeal the district court's order.  <u>See</u> <u>United States v. De
Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011), <u>cert. denied</u>, 132
S. Ct. 1045 (2012); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>,
617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by
objections to magistrate judge's report are subject to review by
district court; issues not preserved by such objection are
precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

December 5, 2012

cc:  Michael D. Hulser, Esq.

LBM:jba